UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARIO COSTELLO, 11957-055,

                        Petitioner,

                                                          **DECISION AND ORDER**
                                                            07-CR-175A
                       v.                                            09-CV-645A

UNITED STATES OF AMERICA,

                        Respondent.

---

On July 14, 2009, petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2255. In his papers in support of the petition, petitioner "wish[ed] to make it clear to this Honorable Court that he is by no way attacking his conviction, only to argue for a correction of sentence that the petitioner do strongly feel that he is entitled to in light of recent court rulings and other developments of the 100:1 powder cocaine/crack ration."[1] (Crim. Dkt. No. 29 at 6.) Petitioner pled guilty on July 3, 2008 to one count of possession, with intent to distribute, five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Those statutory provisions carry a mandatory minimum sentence of 60 months' imprisonment. Although the advisory guideline sentence

---

[1][Sic].

range was 77–96 months, the Court decided to sentence petitioner to the mandatory minimum.

The mandatory minimum term of imprisonment provided by statute for this is why the petition must be dismissed. Petitioner writes at length in his supporting papers about the abandonment of the 100:1 crack-to-cocaine ratio, and requests a downward revision of his 60-month sentence in light of this development. Sixty months, however, was the shortest term of imprisonment permissible under the statute governing petitioner's guilty plea. The United States Sentencing Guidelines had no impact on the statutory minimum. Any amendment to the Guidelines thus cannot affect petitioner's sentence. *Cf. U.S. v. Jasper*, No. 06-CR-6174, 2009 WL 3247192, at *1 (W.D.N.Y. Oct. 9, 2009) (Larimer, J.) (noting that a motion for a sentence reduction under 18 U.S.C. § 3582 in that case had to be denied because the petitioner was sentenced to a mandatory minimum term of imprisonment).

The Court need not address any other arguments raised by the parties.

## CONCLUSION

For the above reasons, the Court hereby denies the pending petition. The Clerk of the Court is directed to close the civil case (09-CV-645) that relates to the petition.

The Government's motion to dismiss (Crim. Dkt. No. 33) is denied as moot.

The Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. U.S.*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: October 14, 2009